[Civ. No. 9667. Third Dist. Apr. 8, 1959.]

STANLEY OSMULSKI, Petitioner, v. SUPERIOR COURT OF PLACER COUNTY et al., Respondents.

Stanley Osmulski, in pro. per., for Petitioner.

Stanley Mosk, Attorney General, Doris H. Maier and Lloyd Hinkelman, Deputies Attorney General, for Respondents.

VAN DYKE, P. J.—Stanley Osmulski, petitioner, an inmate of the State Prison at Folsom, California, was on May 30, 1958, confined to Folsom Honor Camp Number 7 in Placer County and was thereafter charged with escape therefrom.

He petitioned this court for a writ of prohibition, restraining the respondent court from further prosecution of that charge against him. He proceeds herein *in forma pauperis* and in propria persona. The burden of his complaint is that (1) on his arrest he was denied his statutory right to be taken before a magistrate, and, (2) he has been denied his constitutional right to speedy trial. We issued an alternative writ and respondents have demurred thereto. We have concluded that the demurrer must be sustained without leave to amend.

 It appears by the petition that at the time the charge of escape was made against him he was a prisoner serving a sentence in a state prison. Therefore, the provisions of section 1381 of the Penal Code govern his rights. (*People* v. *Godlewski*, 22 Cal.2d 677 [140 P.2d 381].) That section provides that when a charge is filed against a person during the time such person is serving a sentence in any state prison it is mandatory upon the district attorney of the county in which such charge is filed to bring the same to trial within 90 days after said person shall have delivered to said district attorney written notice of the place of his imprisonment and his desire to be brought to trial upon said charge. It is further provided that after said notice is given, and if such person is not brought to trial within 90 days, the action pending against him must be dismissed. A prisoner in the position of petitioner is entitled to the rights given him under section 1381 and must make the demand that the People proceed to trial before he can complain. Petitioner has made no such demand. Said the court in *People* v. *Godlewski, supra,* at page 684: ''We find nothing unreasonable in the requirement for a demand. It does not abrogate the constitutional guarantee. It is merely regulatory of it. Persons already incarcerated in prison will not suffer imprisonment during delay.''

The stay order and the alternative writ heretofore issued by this court are discharged and the peremptory writ is denied.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied May 4, 1959, and petitioner's application for a hearing by the Supreme Court was denied June 5, 1959.