[Crim. No. 4001. First Dist., Div. Three. Dec. 28, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. DARRELL LEE GRAHAM, Defendant and Appellant.

Darrell Lee Graham, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—The appellant was charged with a violation of Penal Code section 4502 (possession of a knife by a prisoner). He was convicted after a trial by jury and this appeal is from the judgment.

On February 2, 1961, appellant was an inmate of San Quentin prison and confined in the Adjustment Center.

As appellant was leaving the dining room after dinner he was searched by Sergeant Townsend and a knife was found in his left rear pocket, partially wrapped in a handkerchief. Officer Burtis, who was standing nearby, observed Townsend search appellant and saw him find the knife. Townsend

ordered Burtis to take appellant to a sound-proof cell and Burtis did so.

The appellant testified that he did not have a knife; that on his return from the dining room he was searched and taken to the quiet cell without any explanation. One of the prisoners in the Adjustment Center testified that he observed Townsend search appellant and that Townsend did not put his hand in appellant's pocket, but had picked up an object from the floor shortly before the search of appellant's person.

Appellant contends that the evidence is insufficient to support the judgment; that the prosecuting attorney was guilty of misconduct in his argument to the jury; that the trial judge was guilty of misconduct during the trial of the case, and that the judge's report made pursuant to Penal Code section 1203.01 shows bias and prejudice against the appellant; that appellant was improperly sentenced and finally that he was not arraigned within 72 hours, in violation of Penal Code section 849.

We find no merit in any of the appellant's contentions.

The appellant's first contention is that the evidence is insufficient to support the judgment. All that need be said here respecting this contention is that the testimony of the witnesses was in conflict; that two officers testified that the appellant was in possession of the knife; the defendant's witnesses testified to the contrary. The weight of the evidence is for the jury to determine. Here they resolved the conflict by finding the defendant guilty. This finding is clearly supported by the evidence and will not be disturbed on appeal. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778] ; *People* v. *Bresh,* 33 Cal.App.2d 161 [91 P.2d 193].)

In commenting upon the credibility of the witnesses for the defendant, the district attorney said: "Why was this felony record brought up? It was not brought up to prejudice or bias you, as it were, against these persons. As the court will inform you, the reason for bringing up a felony conviction is to allow you to have one other item to test credibility. It doesn't mean that everybody that has been convicted of a felony is a perjurer or a liar. However, it is one element that you must consider. These men have nothing to lose. You might say, 'Well, you could prosecute them for perjury.' Yes, we could prosecute them for perjury, but this is something almost impossible under the present law. These people have nothing to lose in testifying."

The appellant made no objection to these statements of

the district attorney as they were made, but asserts error for the first time on this appeal. We find no reversible error in these comments. The defendant's witnesses were in fact fellow prisoners and were so identified by the defendant as he called them as witnesses. The district attorney had a right to question their credibility under the circumstances of this case, and was not guilty of any misconduct in doing so. (*People* v. *Baker*, 183 Cal.App.2d 615, at pp. 624-625 [7 Cal.Rptr. 22]; *People* v. *Mason*, 184 Cal.App.2d 317 [7 Cal.Rptr. 627].)

The trial judge in his conduct of the trial, and in his rulings during its progress was not guilty of any misconduct. A reading of the record shows that the judge was most careful to protect the rights of the defendant as well as those of the People. His rulings were fair and just and the trial was conducted with the utmost patience on the part of the judge, and with full regard to the rights of the accused.

█ As a part of his attack upon the court the appellant makes the assertion that the trial judge's recommendation to the Adult Authority shows bias and prejudice against him. The report in question is required by Penal Code section 1203.01. It is before us as a part of the clerk's transcript, and it discloses no bias or prejudice against the appellant on the part of the judge. While the district attorney, who is also required by the same code section to make such a report, states that the defendant is not "a fit parole risk," the trial judge carefully limits his statement to the comment that the "defendant is not presently a suitable parole risk." We find no error here.

The appellant next argues that he was not properly sentenced. The verdict of the jury was returned on April 20, 1961; the court fixed April 24th as the date for judgment; on April 24th the court ordered the matter continued until May 1st; on May 1st the court imposed judgment. In pronouncing judgment the court ordered that the defendant's sentence run consecutively with any sentence or sentences then being served by the defendant. These proceedings were proper under Penal Code sections 1191 and 669. █ The determination of whether sentences shall be served consecutively or concurrently is a matter of discretion with the trial court, and will not be disturbed on appeal in the absence of a showing of abuse of discretion. (*People* v. *Tipton*, 124 Cal. App.2d 213 [268 P.2d 196]; *People* v. *Van Valkenburg*, 111 Cal.App.2d 337 [244 P.2d 750].) There is no such showing here.

Finally, the appellant argues that his constitutional and statutory rights were violated in that he was not arraigned within 72 hours after he was found with the knife and removed to a quiet cell. The indictment of the grand jury was returned on March 16, 1961; arraignment took place on March 27th. At all times referred to herein the appellant has been a prisoner in a state prison, serving a sentence for murder. (*People* v. *Graham,* 191 Cal.App.2d 521 [12 Cal. Rptr. 893].) He was never "arrested" as a result of the indictment because he was already in custody at the time the indictment was returned. His subsequent arraignment on March 27th did not violate article I, section 13 of the California Constitution or section 825 of the Penal Code. (*People* v. *Goss,* 193 Cal.App.2d 720 [14 Cal.Rptr. 569].)

The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.