[Crim. No. 12205.   In Bank.   Nov. 8, 1968.]

In re RICHARD MENDOZA MUGICA on Habeas Corpus.

Richard Mendoza Mugica, in pro. per., and Marshall M. Schulman, under appointment by the Supreme Court, for Petitioner.

Cecil Hicks, District Attorney, and Michael R. Capizzi, Deputy District Attorney, for Respondent.

McCOMB, J. — Petitioner is presently confined in the Orange County jail under a temporary commitment order of the superior court awaiting trial on an information charging him with the sale of narcotics in violation of section 11501 of the Health and Safety Code, a felony. He seeks his release by habeas corpus on the ground that he was deprived of his statutory and constitutional rights to a speedy trial and to be taken before a magistrate without unnecessary delay.

*Facts*: Petitioner was committed by the Municipal Court of the Santa Ana-Orange Judicial District to the county jail on July 17, 1967, to serve a 179-day sentence upon conviction of the misdemeanor of using narcotics (Health & Saf. Code, § 11721).

While petitioner was serving the above sentence, a complaint was filed on August 30, 1967, in the Municipal Court of the Anaheim-Fullerton Judicial District, charging him with the felony of selling narcotics on June 28, 1967. A warrant issued for his arrest and was given to a state narcotics investigator for service. Respondent sheriff received said warrant on August 31, 1967, and placed it as a hold on petitioner without executing it.

On September 9, 1967, petitioner addressed a letter to the Honorable Byron K. McMillan, a judge of the Orange County Superior Court, stating that "on or about July 31, 1967," he had been informed of a warrant for his arrest for the sale of narcotics. (Since the warrant was not issued until August 30, petitioner's reference to July 31, 1967, must be read as August 31, 1967.) In said letter petitioner requested that he be brought to trial in 60 days. He sent a copy of the letter to the district attorney.

On Septemberr 26, 1967, the Anaheim-Fullerton Municipal Court ordered respondent sheriff to produce petitioner in court on September 27, 1967. The public defender was appointed to represent petitioner, and the matter was continued to October 2, 1967, for prelimniary hearing. On October 2, 1967, respondent sheriff again produced petitioner in said court. At the request of petitioner, the matter was continued to October 25, 1967, at which time a preliminary hearing was held, and petitioner was held to answer in superior court on November 3, 1967.

On November 3, 1967, the case was continued to November

8, 1967, for hearing on petitioner's motion pursuant to section 995 of the Penal Code, and the case was continued to December 27, 1967, for trial. On that date, the public defender was relieved from representing petitioner, and the case was continued to January 24, 1968, for trial. On January 10, 1968, Mr. Marshall Schulman was assigned to represent petitioner. On January 24, 1968, the trial was continued to March 11, 1968. On February 2, 1968, a petition for writ of habeas corpus was filed in superior court and denied on February 7, 1968. A petition for writ of habeas corpus filed in the Court of Appeal on February 13, 1968, was denied March 6, 1968. On March 1, 1968, the March 11 trial date was vacated and the trial continued to May 13, 1968. On April 29, 1968, a petition for writ of habeas corpus was filed with this court. We issued an order to show cause, and the trial in superior court has been continued to December 16, 1968, pending disposition of the present proceeding.

The sole question for our determination is whether petitioner is entitled to his release because of his alleged deprivation of his constitutional rights to be taken before a magistrate without unnecessary delay and to a speedy trial.

Petitioner's attack is not directed at the superior court proceedings. Nor could it be. The continuances after he was held to answer in superior court are sufficiently explained by his motions pursuant to section 995 of the Penal Code and for discovery for names of witnesses, his filing petitions for writs of habeas corpus in the superior court, the Court of Appeal, and in this court, and substitution of appointed counsel. His complaint is that the sheriff of Orange County did not take him before a magistrate "within the prescribed time set out in the Penal Code" and he was therefore deprived of the right to have an attorney appointed to prepare his defense at the earliest possible moment; that he has been denied the opportunity to seek out witnesses in his behalf by the refusal of the district attorney, after request, to take him before a magistrate without unnecessary delay as required by article I, section 8, of the California Constitution; and that he has been denied a right to a speedy trial as guaranteed by article I, section 13.

His basic attack is on what he terms the "policy" of the sheriff, upon receipt of a warrant for the arrest of an inmate of the county jail serving a sentence, to place a "hold" on such person and "not to effect service of the warrants and to bring parties before the court until they have completed their

present commitment regardless of the length of time." He further alleges that "Other prisoners are held in a similar manner and some for even a much longer period of time. There is no possible way to tell the Sheriff of the County of Orange that he must comply with the constitutional provisions except by granting this Writ." ■ We are not here concerned with any prisoner except petitioner, as a petitioner in a habeas corpus proceeding who claims violations of constitutional rights is required to allege facts showing that such violations have affected him individually. (*In re Smiley,* 66 Cal.2d 606, 618 [6] [58 Cal.Rptr. 579, 427 P.2d 179].) Whether it is the policy of the district attorney not to prosecute a prisoner on a new charge until completion of his current county jail sentence, such policy was not employed in petitioner's case.

It is conceded that 27 days elapsed between the filing of the complaint on August 30, 1967, and the date petitioner was taken before a magistrate, September 27, 1967. He was therefore not held by the sheriff until the completion of his 179-day term, which commenced July 17, before he was arraigned on the new charge.

■ To substantiate his contention that he was not taken before a magistrate "within the prescribed time set out in the Penal Code," petitioner cites sections 848 and 849. Section 848 reads: "An officer making an arrest, in obedience to a warrant, must proceed with the person arrested as commanded by the warrant, or as provided by law." Section 849 provides that when an arrest is made without a warrant the person arrested must, without unnecessary delay, be taken to the nearest magistrate and a complaint stating the charge against the arrested person must be laid before the magistrate.

It is immaterial that petitioner asserts that a "hold" is admitted by the sheriff's office and the district attorney to be an "arrest," as the courts have held otherwise. "An arrest is taking a person into custody. . . ." (Pen. Code, § 834.) "An arrest is made by an actual restraint of the person, or by submission to the custody of an officer." (Pen. Code, § 835.) As the court observed in *People* v. *Goss,* 193 Cal.App.2d 720, 725 [14 Cal.Rptr. 569], "a person who was already in custody could not logically be arrested, as arrest means taking a person into custody." Since petitioner was already in the Orange County jail serving a sentence, there was no need to "arrest" him even though a warrant issued and was given to a state narcotics investigator for service, which warrant was

returned unserved. (*In re Smiley, supra,* 66 Cal.2d 606, 628; *People* v. *Graham,* 198 Cal.App.2d 617, 621 [5] [18 Cal.Rptr. 134]; *People* v. *Goss, supra,* 193 Cal.App.2d 720, 726 [1b]; *People* v. *Aguirre,* 181 Cal.App.2d 577, 578 [3] [5 Cal.Rptr. 477].)

In *Smiley, supra,* the petitioner was serving a six-month sentence in the county jail when a complaint was filed in the justice court charging him with a misdemeanor and praying that a warrant be issued for his arrest and that of his codefendant. This court said: "On that date [filing of the complaint], however, petitioner was already in custody in the Imperial County jail, serving a six-month sentence for issuing checks without sufficient funds. There was therefore no need to 'arrest' him; and although the entry . . . further recites that a 'Warrant issued,' . . . there is no evidence it was ever served on petitioner." (66 Cal.2d 606, 627-628.)

In *People* v. *Graham, supra,* 198 Cal.App.2d 617, while the defendant was in San Quentin prison serving a sentence for murder, he was charged with possession of a knife by a prisoner. He was indicted by the grand jury on March 16 and arraigned on March 27. The court said: "At all times referred to herein the appellant has been a prisoner in a state prison, serving a sentence for murder. . . . He was never 'arrested' as a result of the indictment because he was already in custody at the time the indictment was returned. His subsequent arraignment on March 27th did not violate article I, section 13, of the California Constitution or section 825 of the Penal Code." (P. 621 [5].)

In *People* v. *Goss, supra,* 193 Cal.App.2d 720, the defendant was a parolee in legal custody of the Department of Corrections when he committed grand theft and was arrested in Vallejo on October 29, 1959. He was subsequently removed to the Santa Clara County jail pursuant to a hold order signed by his parole officer, and was arraigned on November 24, 1959. It was there held that the detention of the defendant for a period of 27 days (from October 29 to November 24) did not violate his right to be taken before a magistrate under section 825 of the Penal Code or article I, section 13, of the Constitution "as the defendant was not 'arrested' but merely transferred from constructive custody into actual or physical custody." (P. 726 [1b].) (See also *People* v. *Hernandez,* 250 Cal.App.2d 842, 849 [58 Cal.Rptr. 835], where the court, quoting from *Sartain* v. *Pitchess,* 368 F.2d 806, said: "When

a parolee is already in physical custody of authorities, a 'hold' is the customary and proper method to reassert his obligation to the parole board.'')

In *People* v. *Aguirre, supra,* 181 Cal.App.2d 577 [5 Cal. Rptr. 477], the defendant was found in possession of a weapon while a prisoner in a state prison on September 16, 1957, and was disciplined by prison authorities. Nearly a year later, on September 2, 1958, the grand jury indicted him for that offense. Relying on section 849 of the Penal Code, which provides that when an arrest is made without a warrant by a peace officer the person arrested must, without unnecessary delay, be taken before the nearest or most accessible magistrate, the defendant claimed he was arrested at the time of the offense. The court there said: ''Arrest means taking a person into custody. Defendant was already in custody. It is illogical to say that a prisoner in a state prison, already in custody, is arrested merely because he is turned over from one prison officer to another.'' (P. 580 [3].)

In the present case, employing the warrant as a hold operated as no more than a detainer to make sure that the district attorney would be notified before petitioner was released at the expiration of the term he was then serving.

Apart from statutory provisions pertaining to arrests, article I, section 8, of the California Constitution provides: ''When a defendant is charged with the commission of a felony, by a written complaint subscribed under oath and on file in a court within the county in which the felony is triable, he shall, without unnecessary delay, be taken before a magistrate of such court. . . . The foregoing provisions of this section shall be self-executing. . . .'' ▉ Article I, section 13, reads: ''In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial. . . .'' This section is also self-executing. (*Barker* v. *Municipal Court,* 64 Cal.2d 806, 812 [4] [51 Cal.Rptr. 921, 415 P.2d 809]; *Harris* v. *Municipal Court,* 209 Cal. 55, 60 [1] [285 P. 699]; *Zimmerman* v. *Superior Court,* 248 Cal.App.2d 56, 62 [3] [56 Cal.Rptr. 226].) ▉ The basic policy underlying the constitutional guarantee to a speedy trial is to protect the accused from having criminal charges pending against him an undue length of time. (*People* v. *Godlewski,* 22 Cal.2d 677, 682 [5] [140 P.2d 381]; *People* v. *Aguirre, supra,* 181 Cal.App.2d 577, 580 [1]; see also *People* v. *Wilson,* 60 Cal.2d 139, 148 [10] [32 Cal.Rptr. 44, 383 P.2d 452].) The constitutional right to a speedy trial protects every accused; a

convict is not excepted. (*Barker* v. *Municipal Court, supra,* 64 Cal.2d 806, 813 [9].)

The cases dealing with a California prisoner's or parolee's constitutional and statutory rights to a speedy trial on another felony charge have held that such rights are governed by section 1381 of the Penal Code. (*People* v. *Godlewski, supra,* 22 Cal.2d 677, 683 [7]; *People* v. *Hernandez, supra,* 250 Cal.App.2d 842, 848-849 [2b]; *People* v. *Goss, supra,* 193 Cal.App.2d 720, 725; *People* v. *Aguirre, supra,* 181 Cal.App.2d 577, 580-581 [4]; *People* v. *Ragsdale,* 177 Cal. App.2d 676, 678 [3] [2 Cal.Rptr. 640]; *Osmulski* v. *Superior Court,* 169 Cal.App.2d 444, 445 [1] [337 P.2d 520].) This section provides that a person serving a term in a state prison, or confined in a Youth Authority institution or confined as a narcotic addict under Penal Code section 6400 et seq. (now Welf. & Inst. Code, § 3000 et seq.) against whom another criminal charge was either pending at the time his term began or was filed during the time he was serving it, has a right to have the new charge brought to trial in 90 days after written notice to the district attorney, and, if the action is not brought to trial within the 90-day period, the court, either on its own motion, on the motion of the district attorney, or the person confined or his counsel, must dismiss the charge. The procedural requirements of section 1381 do not conflict with the constitutional guarantee of speedy trial (*People* v. *Godlewski, supra,* 22 Cal.2d 677, 684 [9]) or with the right to be taken before a magistrate without unnecessary delay.

Until amended by the Legislature in 1968 (Stats. 1968, ch. 343), which amendment will become effective November 13, 1968, section 1381, entitling persons confined in state prisons to a dismissal if their demand to be brought to trial on another charge is not complied with, did not apply to prisoners incarcerated in county jails. The rationale of the cases that decided the constitutional rights of state prisoners or parolees to speedy trials is, however, equally appropriate to inmates of county jails. In *Barker* v. *Municipal Court, supra,* 64 Cal.2d 806, this court applied the underlying policy of section 1381.5 to a situation that arose before its enactment and held that federal prisoners who had made demand upon the district attorney to be tried on an outstanding California complaint were entitled to the same remedy as prisoners incarcerated in California institutions, saying ''Both are equally entitled to a speedy trial.'' (P. 814 [12].)

While section 1381 is silent on the duty of the custo-

dian to notify the prisoner of the receipt of a warrant or the filing of a complaint against him while incarcerated, the constitutional rights to be taken before a magistrate without unnecessary delay and to a speedy trial require that notice be given that a charge has been made against the prisoner within a reasonable time thereafter so that if he wishes to do so he may avail himself of the remedy provided therein. (See, e.g. Pen. Code, § 1389, art. III (d) [Interstate Agreement on Detainers] requiring that the official having custody of a prisoner promptly inform him of the source and contents of any detainer lodged against him and inform him of his right to make a request for final disposition of any untried indictment, information or complaint.)

*People* v. *Powell,* 67 Cal.2d 32 [59 Cal.Rptr. 817, 429 P.2d 137], relied on by petitioner, is not applicable to the facts of this case for the defendants there were not serving jail or prison sentences at the time they were arrested.

█ Petitioner's constitutional right to be taken before a magistrate without unnecessary delay was not violated. He admittedly knew on August 31, 1967, that another charge had been filed against him and notified the district attorney that he wished to be brought to trial thereon. This notice was received by the district attorney's office on September 11, 1967. While petitioner's notice contained a warrant number, it did not specify the judicial district, local or out-of-county, from which the warrant issued. A diligent effort having been made by the district attorney's office in searching his records and contacting the sheriff's office to locate the court in which the complaint was filed, there was no unreasonable delay in obtaining a court order on September 26, 1967, ordering the sheriff to produce petitioner in court the next day.

█ There is no merit to petitioner's contention that he was prevented by the delay between the filing of the complaint and his arraignment from obtaining a material witness. No request for names of witnesses was made for over four months after counsel was appointed for petitioner, and he has made no showing that due diligence has been exercised to locate witnesses through independent investigation.

Having failed to sustain his burden that his detention was illegal, petitioner is not entitled to relief. The order to show cause heretofore issued is discharged and the petition for writ of habeas corpus is denied.

Traynor, C. J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.