Filed 6/8/26  Jorgenson v. Superior Court CA3
Reposting correct version

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| DANIEL ROBERT JORGENSON,<br>     Petitioner,<br><br>     v.<br><br>THE SUPERIOR COURT OF SACRAMENTO COUNTY,<br>     Respondent.<br><br>THE PEOPLE,<br>     Real Party in Interest. | C104945<br><br>(Super. Ct. No. 25FE020045) |

This case involves a defendant's right to a speedy preliminary hearing on a felony complaint under Penal Code[1] section 859b.  Relevant here, the statute requires the trial court to hold the preliminary hearing within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later.  (§ 859b.)  It also, in pertinent part, requires the trial court to release the defendant on their own recognizance if "the defendant has remained in custody for 10 or more court days solely on that complaint," unless one of six enumerated exceptions applies (none of which are at issue here).  (§ 859b.)  It is well established that the release provision operates only when "the defendant is in custody for

_____

[1] Undesignated section references are to the Penal Code.

1

reasons *solely attributable* to the charges to be adjudicated at the preliminary examination." (*People v. Standish* (2006) 38 Cal.4th 858, 866, fn. 2; see *Ng v. Superior Court* (1992) 4 Cal.4th 29, 38 [§ 859b "has been interpreted as applying only to persons in custody solely by reason of the charges which are the subject of the preliminary hearing"].)

In this case, the trial court denied Daniel Robert Jorgenson's request to be released on his own recognizance under section 859b after the preliminary hearing in a Sacramento County felony case was scheduled beyond the 10-day period. The trial court denied the request because the parties agreed that, in addition to being in custody on the felony complaint, Jorgenson was also "being held" on unrelated out-of-county bench warrants in two misdemeanor cases.

Jorgenson filed a petition for writ of mandate challenging the trial court's denial of his request for release. We issued an order to show cause why Jorgenson is not entitled to the relief requested. Having now considered the parties' arguments, we conclude Jorgenson has not shown that he was in custody solely on the Sacramento County felony complaint when he requested own-recognizance release under section 859b. We thus deny his petition for writ of mandate.

BACKGROUND

I

*Factual Background*

The following facts are based on the parties' briefs and the exhibits attached thereto.

The California Highway Patrol Vehicle Theft Task Force arrested Jorgenson on: (1) a Sacramento County felony vehicle theft complaint; (2) a bench warrant with a set $20,000 bond or cash bail from El Dorado County in a misdemeanor drug possession, drug paraphernalia possession, and failure to appear case; and (3) a bench warrant with a $1,000 bond or cash bail from San Joaquin County in a misdemeanor driving with a

2

suspended license and failing to provide evidence of financial responsibility case.[2] Jorgenson is being held in Sacramento County.

On October 23, 2025, the tenth court day following the date of arraignment and Jorgenson's entry of a not guilty plea in the Sacramento County felony case, the prosecution requested to continue the preliminary hearing due to the unavailability of a witness. The prosecutor said it was her understanding that Jorgenson was "being held on two other matters."

The trial court asked the defense, "Is that accurate?" Defense counsel responded, "It is accurate, your Honor but those are out-of-county matters and we'd ask to [release him on his own recognizance]." The trial court replied, "It's still a hold, and he's not being held solely on his charging document." After asking permission to be heard, which the trial court granted, defense counsel continued: "From our understanding, a warrant is just a request to be transported after Mr. Jorgenson has served his time in this county, and that time is coming to an end if he's [released on his own recognizance] today. So that would be …." The trial court interrupted, stating its understanding was different because, even if the court released Jorgenson on his own recognizance as to the Sacramento County felony complaint, Jorgenson would remain in custody due the to out-of-county misdemeanor warrants. The trial court explained that Jorgenson would then be transferred to one of the other counties, which would require Sacramento County to place a "hold" on him by warrant and delay resolution of the Sacramento County case.

Defense counsel responded, "And our understanding is he has to be in custody on …." The trial court stopped defense counsel's argument short and concluded the hearing, stating: "He is being held. He is not going anywhere on the hold, other than to

---

[2] This information was set forth in an exhibit to the People's return. Jorgenson does not, in his reply, challenge or dispute the information contained in the exhibit. We collectively refer to the El Dorado County and San Joaquin County bench warrants in the respective misdemeanor cases as the "out-of-county misdemeanor warrants."

3

another county, remaining in custody. That's my reading of the statute. He's not being held solely on this charging document in terms of his custody status. He would remain in custody were I to release him [on his own recognizance]."

II

*The Petition for Writ of Mandate*

On October 27, 2025, Jorgenson filed a petition for writ of mandate challenging the trial court's denial of his request to be released on his own recognizance in the Sacramento County felony case. He attached the following exhibits to his petition: certified minute orders in the Sacramento County felony case; the Sacramento County felony complaint; a printout from the Sacramento County Sheriff's Office website pertaining to bail set in the felony case; documents pertaining to the out-of-county misdemeanor warrants; a reporter's transcript of the Sacramento County section 859b hearing; and the declaration of David Lynch. Lynch, a supervising assistant public defender, declared he spoke to a deputy at the Sacramento County jail, who told him, among other things, that jail deputies "do not add-book or arrest people on out-of-county warrants" when they are arrested and booked on a Sacramento County charge.

This court issued an order to show cause, and the parties filed their respective briefs. The People attached one exhibit to their return—an active bail summary document from the Sacramento County Sheriff's Office (bail summary)—which sets forth the arrest information *ante*. We now address the merits of Jorgenson's petition.

DISCUSSION

The question presented is whether the trial court erred in finding that Jorgenson was not being held in custody solely on the Sacramento County felony complaint when the court denied his request for own-recognizance release under section 859b. "[I]t is a fundamental principle of appellate procedure that a trial court [order] is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that

4

justifies reversal of the [order]." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) We conclude Jorgenson has failed to meet his burden of demonstrating error.

Jorgenson does not dispute that the California Highway Patrol arrested him on the two out-of-county misdemeanor warrants and the Sacramento County felony complaint, as shown in the bail summary attached to the People's return. An " 'arrest means taking a person into custody.' " (*In re Mugica* (1968) 69 Cal.2d 516, 520; § 834 [same].) Jorgenson further agreed at the section 859b hearing that he was "being held" on the two out-of-county misdemeanor warrants. Thus, Jorgenson has failed to show the trial court erred in finding that he was not "in custody for reasons *solely attributable* to the charges to be adjudicated at the preliminary examination" (*People v. Standish*, *supra*, 38 Cal.4th at p. 866, fn. 2) in the Sacramento County felony case.

Jorgenson argues he was not in custody on the out-of-county misdemeanor warrants because: (1) out-of-county misdemeanor warrants "are not custody" (boldface and italics omitted) for purposes of section 859b; and (2) even if the warrants "count as custody" (boldface and italics omitted) under section 859b, the Sacramento County Sherriff's Office failed to arrest or book Jorgenson on those warrants. He further asserts that allowing custody on misdemeanor warrants to prevent release under section 859b would create wealth-based detention. We find no merit in these arguments.

Jorgenson's first argument is difficult to follow. It appears that Jorgenson argues the warrants *themselves* do not "count as custody" and the trial court erred in finding "the presence of active out-of-county warrants meant [he] was not held 'solely' on the felony complaint." The argument is not supported by the documents presented or the reporter's transcript of the hearing. The trial court did not deny own-recognizance release based on the mere "presence" of the out-of-county misdemeanor warrants; it denied own-

recognizance release because Jorgenson agreed that he was "being held" on those warrants in addition to being held on the Sacramento County felony complaint.

Jorgenson's second argument is also difficult to follow. It appears, based on reading the petition for writ of mandate and the reply together, that Jorgenson asserts he was not in "lawful" custody on the out-of-county misdemeanor warrants because the Sacramento County Sheriff's Office and the trial court failed to take certain statutory actions "such that [they] created custody." (Citing §§ 822, 1270.) There are two reasons we find this argument unpersuasive.

First, Jorgenson's arrest by the California Highway Patrol on the out-of-county misdemeanor warrants lawfully placed him in custody on those matters. (*People v. McWilliams* (2023) 14 Cal.5th 429, 442 [" ' "[a] warrant is a judicial mandate to an officer to conduct a search or make an arrest, and the officer has a sworn duty to carry out its provisions," ' " quoting *Utah v. Strieff* (2016) 579 U.S. 232, 240]; *In re Mugica*, *supra*, 69 Cal.2d at p. 520 [an " 'arrest means taking a person into custody' "]; § 834 [same].) Thus, Lynch's declaration as to the Sacramento County jail deputies' general practice regarding out-of-county warrants is irrelevant, as is Jorgenson's assertion that "the sheriff never effected an arrest" on the out-of-county misdemeanor warrants. Any argument that a defendant is "not placed in custody" unless the sheriff's office or the trial court first complies with sections 1270 and 822 is unsupported by any citation to authority with reasoned argument and is deemed forfeited. (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.) In any event, as explained *post*, we also note that sections 822 and 1270 set forth requirements *following* an arrest on a misdemeanor warrant; the statutes do not assist in evaluating the meaning of "in custody," as pertinent to a defendant's release under section 859b.

Second, Jorgenson did not argue at the hearing that he was unlawfully "being held" on the out-of-county misdemeanor warrants under sections 822 and 1270. We briefly lay out the requirements under those statutes for context.

6

Section 822 requires an officer arresting a defendant on an out-of-county misdemeanor warrant to inform the defendant of their right to be taken before a magistrate in the arresting county. Different provisions of the statute apply depending on whether the defendant requires the arresting officer to take the defendant before a magistrate in the arresting county for admission to bail on the out-of-county misdemeanor warrant. (§ 822.) It also allows the officer in charge of the jail to approve and accept bail if the amount of bail is indorsed on an out-of-county misdemeanor warrant, as provided in section 815a. (§ 822.) Section 1270, subdivision (a) further provides, in pertinent part, that a defendant "who appears before a court or magistrate upon an out-of-county warrant arising out of a case involving only misdemeanors, shall be entitled to an own recognizance release unless the court makes a finding on the record, in accordance with Section 1275, that an own recognizance release will compromise public safety or will not reasonably assure the appearance of the defendant as required."

It is well-established that a party who "fail[s] to pursue and obtain a ruling" on specific issues "may not raise them on appeal." (*People v. Valdez* (2012) 55 Cal.4th 82, 122.) This is so because " ' "[t]he law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal." ' " (*In re Seaton* (2004) 34 Cal.4th 193, 198.) Here, Jorgenson did not request to be admitted to bail under section 822 or argue for own-recognizance release as to either misdemeanor case under section 1270, subdivision (a), which would have required the trial court to make certain discretionary findings. We thus do not consider his argument that purported violations of sections 822 and 1270 rendered his custody on the out-of-county misdemeanor warrants unlawful.

*In re Annis* (2005) 127 Cal.App.4th 1190 also does not assist Jorgenson, which he asserts stands for the proposition that he was "not in custody on the two misdemeanor

7

warrants because neither law enforcement nor the court have followed the law." Initially, we reject Jorgenson's assertion that *In re Annis* presents "somewhat similar facts" to this case because, in that case, the appellate court considered whether the trial court abused its discretion by revoking own-recognizance release for a defendant in a pending felony probation violation case when the defendant was also arraigned on a felony information in a new case. (*Id.* at pp. 1192, 1194.) Further, in the absence of any persuasive reasoned argument, we find no application of the appellate court's reasoning in *In re Annis* to be of assistance under the facts of this case. (*Id.* at pp. 1199-1200; *In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

We also reject Jorgenson's argument in his reply brief that, because the out-of-county misdemeanor warrants show "active" rather than "cleared" in the Sacramento County Public Defender's Office warrant detail, he was not in custody on the out-of-county misdemeanor warrants at the time of the section 859b hearing. Jorgenson asks us to assume too much without evidence or citation to legal authority explaining what legal import, if any, those facts have on the disposition in this case. We thus deem the argument forfeited. (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

Finally, Jorgenson asserts that allowing arrests based on out-of-county misdemeanor warrants to preclude release under section 859b for "persons unable to afford small, out-of-county warrants" would create wealth-based detention in violation of the equal protection and due process clauses of the state and federal constitutions. Yet, the trial court did not deny own-recognizance release because Jorgenson was unable to afford bail on the out-of-county misdemeanor warrants. Indeed, there was no discussion in the reporter's transcript regarding Jorgenson's ability to post bail. Thus, there was no evidence that the ruling at issue in this appeal creates "two preliminary hearing clocks: one for the wealthy, one for the poor," as Jorgenson asserts. Jorgenson's reliance on footnote 3 in *Ng. v. Superior Court*, *supra*, 4 Cal.4th at page 36 is further misplaced.

8

In *Ng*, our Supreme Court held that when a defendant faces charges in different counties and the charges in the other counties play no role in the defendant's custody status in the first county actively prosecuting the charges, it is appropriate to arraign the defendant in the other counties upon commencement of actual prosecution of the charges in those counties. (*Ng v. Superior Court*, *supra*, 4 Cal.4th at p. 36.) In footnote 3, however, our Supreme Court noted that "if a defendant is entitled to release, on bail or otherwise, in the first county, and another county seeks to keep him in custody on charges in that county, the defendant would undoubtedly have the right to obtain a prompt judicial determination of the propriety of the continuing incarceration. (See, e.g., Pen. Code, § 976.)" (*Ng*, at p. 36, fn. 3.) Again, Jorgenson did not assert any legal arguments as to the propriety of his incarceration on the out-of-county misdemeanor warrants during the trial court's section 859b hearing. We thus do not find that "[t]his case presents the hypothetical the Supreme Court was worried about" in footnote 3 of the *Ng* opinion, as Jorgenson asserts.

For the foregoing reasons, we conclude the trial court did not err in denying Jorgenson's request for release on his own recognizance under section 859b.

DISPOSITION

The petition for writ of mandate is denied.

/s/
_____
BOULWARE EURIE, J.

We concur:

/s/
_____
HULL, Acting P. J.

/s/
_____
RENNER, J.