[Crim. No. 7259. Second Dist., Div. Three. Mar. 30, 1961.]

THE PEOPLE, Respondent, v. LEX WESMON SANDERSON et al., Defendant; HAL WOLLMAN, Appellant.

Oliver L. Linck, Jr., for Appellant.

Stanley Mosk, Attorney General, and Clara E. Kauffman, Deputy Attorney General, for Respondent.

SHINN, P. J.—Appellant and his codefendant Sanderson were charged with robbery, and with being armed with a deadly weapon both at the time of the commission of the offense and at the time of arrest. Appellant was also charged with a prior felony conviction of robbery. The codefendant pleaded guilty to the charge of armed robbery. Appellant pleaded not guilty and admitted the prior felony conviction. A jury found appellant guilty of robbery in the first degree and that he was armed at the time of his arrest. Appellant's application for a new trial was denied; however, the court struck the finding that appellant was armed at the time of his arrest. The appeal is from the judgment and an order denying a new trial.

Appellant was driving his automobile with Sanderson as a passenger; he parked in front of a liquor store with his engine running, and waited while Sanderson went into the liquor store. Sanderson, while armed, robbed the store, walked out to appellant's car and they drove away. Officer Nudd noticed the odd way in which appellant was driving and followed him. After being informed about the robbery and the

get-away car, the officer suspected that the appellant's car was the one used in the robbery, and arrested both of its occupants.

The first contention to be noticed is that the evidence was insufficient to justify the verdict. Appellant testified that he did not know that Sanderson was going to rob the store or that the latter was armed. Sanderson corroborated appellant's testimony. We have concluded that the jury was justified in believing that the circumstances in evidence overcame appellant's denials of guilty knowledge.

■ There was no doubt as to the circumstances of the robbery. Appellant sat in a car while Sanderson robbed the store. Officer Nudd testified that his attention was first directed to the car driven by appellant when it made a sharp turn at an intersection, drove over a portion of the sidewalk and broke into the line of traffic; that appellant changed lanes three times without exercising caution and was crowding the cars in front of him; he followed appellant's car for ten blocks; the erratic manner in which the car was being driven attracted the officer's attention; he signaled for other cars; appellant's car was overtaken and the two occupants were arrested. The car was searched; underneath the passenger's seat was found a .32 caliber automatic and in a glove compartment a box containing 44 rounds of ammunition for the gun. There was also a part of a bottle of wine and a part of a flask of whiskey. In his testimony Sanderson claimed that the gun and ammunition were his and that Wollman had not seen either of them. Appellant at all times denied having participated in the robbery. It was testified by the officers that in the station appellant said " 'there was just one little old officer with one little old gun. If we had wanted to, we could have shot him. . . .' " Appellant admitted that he had made the statement and added that he also said that they (the officers) had no shotgun and if he had done anything he could have shot it out with the officers and had a 50-50 chance of getting away.

It is clear from the foregoing statement of the evidence that we could not as a matter of law hold that Wollman did not know that Sanderson was robbing the store. Appellant's assistance in driving the car used in the robbery was sufficient to make him a participant in the offense. (*People* v. *Beaulieu,* 144 Cal.App.2d 536 [301 P.2d 304].)

■ ■ Appellant urges that there was error in instructing the jury. One of the instructions read: "All persons

concerned in the commission of a crime who either directly and actively commit the act constituting the offense or who knowingly and with criminal intent aid and abet in its commission or, whether present or not, who advise and encourage its commission, are regarded by the law as principals in the crime just committed and are equally guilty thereof." The court also instructed that as to criminal intent "The law requires that to be guilty of a crime, one must intend the conduct that fits the description of the crime and must engage in that conduct knowingly and wilfully." Appellant contends that the court should have give an instruction defining the word "knowingly." Another instruction defined the word "wilfully." Still another instruction stated the law on flight from the scene of action. Appellant also contends that the court should of its own motion have given a definition of the word "flight." We cannot agree that the jury was improperly or insufficiently instructed in either particular. It was told that Wollman could not be found guilty unless the evidence proved that he knew that Sanderson intended to commit the robbery. The word "knowingly" and the word "flight" are commonly understood and instructions as to their meaning are not required. (*People* v. *Chavez*, 37 Cal.2d 656 [243 P.2d 632]; *People* v. *Deibert*, 117 Cal.App.2d 410 [256 P.2d 355]; *People* v. *Shannon*, 147 Cal.App.2d 300 [305 P.2d 101].)

Error is assigned in the failure of the court to give an instruction that oral admissions of the accused should be viewed with caution. There was no error. There was no evidence of any oral admission of Wollman which tended to establish his guilt. The only statement attributed to him by the officers, which we have quoted, was one which he admitted having made.

The final point to be mentioned is the claim that the prosecutor was guilty of misconduct in his questioning of witnesses and in argument to the jury. We have examined the passages to which reference is made and we find no occasion for the claim of misconduct. In our opinion the arguments of the prosecutor were based upon the evidence and inferences to be drawn therefrom. The arguments were not unfair to appellant.

The judgment and the order denying motion for new trial are affirmed.

Vallée, J., and Ford, J., concurred.