[Crim. No. 8939. Second Dist., Div. Two. Dec. 2, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. DOMINGO BENAVIDES GARCIA, Defendant and Appellant.

Domingo Benavides Garcia, in pro. per., and James A. Irwin, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

FOX, P. J.—Defendant was charged in a secret grand jury indictment with two counts of selling and furnishing a narcotic (marijuana) in violation of Health and Safety Code section 11531. Following a plea of not guilty, defendant waived a jury trial and was adjudged guilty on both counts by the trial court. Defendant filed a notice of appeal in propria persona, and thereafter counsel was appointed to represent his cause in this court.

With respect to the first count in the indictment, the record indicates the following: On the morning of June 9, 1962, one Don Reed telephoned the Temple City Sheriff's station and spoke with Deputy Sheriff Thornberg of the narcotics detail. At this time Reed was out on bail pending a trial for possession of narcotics, and the sheriff's department was using him as an informant and undercover narcotics agent. Reed told Thornberg that he was going to see the defendant to buy some marijuana and he offered to assist the narcotics detail in making the purchase. He then came to the sheriff's station to meet the officers, where he was searched to determine if he had any narcotics on his person. After Reed stated that he was going to pick up defendant so that they could go together to see their attorney, Officer Thornberg gave Reed $5.00 to pay for the marijuana and arrangements were made for the officers to follow him. They followed Reed

in an unmarked car and in plain clothes to defendant's house. Reed entered the house and then emerged with defendant after about 10 minutes and they drove off in defendant's car. The officers tried to follow, but lost them in traffic. Reed testified that they went to see their attorney. The officers went back to defendant's house to await their return, which occurred at about 12:30 p.m. Reed and defendant entered the house where defendant inquired how much marijuana Reed wanted. Reed told him a dollar's worth and the defendant sold it to him. Pursuant to instructions Reed then left and took the marijuana to a nearby cafe where he met the officers and turned it over to them.

As to the second count, the facts are substantially similar to those in the first. On June 16, 1962, after making prior arrangements by telephone, deputy sheriff Demerjian and another deputy met Reed at about 11 a.m. in a Sears parking lot. Reed told the officers that he was going to see the defendant to buy some marijuana. After searching Reed and his car for narcotics, Reed was given $10 to pay for the marijuana. As before, the officers followed him to defendant's house. Reed got into defendant's car and they drove off together to see their attorney.[1] The officers were again unable to follow the car so they went back to the house. When Reed and defendant returned they entered the house and Reed stated that he was in a hurry to get the marijuana. Defendant then went out to his backyard and took a plastic bag full of marijuana from between two garbage cans. Reed purchased one half of the contents of the bag for $10 and then left. The officers followed and met Reed back at the Sears parking lot where he delivered the marijuana to Officer Demerjian.

Defendant's appointed counsel on this appeal has filed a brief in which he makes a comprehensive review of the facts and raises four possible points that might be argued for defendant. After considering and analyzing each point, with its relevant authorities, counsel concludes that there is no possible basis upon which he could conscientiously urge a reversal or modification. Defendant, however, has subsequently filed a brief in propria persona in which he further argues two of these points as grounds for reversal: (1) insufficiency of the evidence to support the verdict; and (2) denial of his

---

[1] Wesley Russell, an attorney, testified that defendant, accompanied by Reed, called on him at his home on Saturday morning, June 16th, in connection with another matter. He further stated "they visited my home on more than one occasion on Saturday morning."

right to a speedy trial. We have concluded that there is no merit to either contention.

 Defendant argues that Reed perjured himself, and that in any event the uncorroborated testimony of an informer out on bail pending his own trial is insufficient to support the verdict. It is well established, however, that it is the exclusive function of the trial court to determine the credibility of a witness and the weight that should be given his testimony. (*People* v. *Nichols,* 196 Cal.App.2d 223, 227 [16 Cal. Rptr. 328]; *Kraut* v. *Cornell,* 175 Cal.App.2d 528, 531 [346 P.2d 438].)

In the recent case of *People* v. *Ballejos,* 216 Cal.App.2d 286 [30 Cal.Rptr. 725] the defendant sought on appeal to discredit the testimony of a police informer, by arguing that payment to the informer, which had not yet been made, was contingent on securing the defendant's conviction. In disposing of this contention the court pointed out that such an argument should properly be addressed to the jury, and not to the appellate court. It has also been held that it would invade the province of the jury to instruct them that the testimony of a drug addict working as a police informer should be received with caution and distrust, and that such testimony has little reliability unless corroborated. (*People* v. *Litle,* 85 Cal.App. 402, 405 [259 P. 458].) In view of these cases, and of the general rules of appellate review, we cannot say as a matter of law that Reed's testimony was insufficient to sustain the verdict.[2]

 Defendant also argues that he was denied his right to a speedy trial. The indictment was returned on August 14, 1962. Defendant, with counsel, was arraigned on October 15, 1962, and a motion was made under Penal Code section 995. The proceedings were then continued to October 22, at which time the motion under Penal Code section 995 was withdrawn and defendant pleaded not guilty. The case was continued to October 26 for trial setting, and trial was eventually set for November 19, 1962. Penal Code section 1382,

[2]Defendant's unmeritorious contention that Reed's testimony must be corroborated is followed by the claim that Officer Demerjian's testimony which tended to corroborate Reed was either perjured or mistaken. He bases this claim on a comparison of the testimony of the officer in the instant case and that given by the officer at a later date in another trial (*People* v. *Bacelen,* No. 929, Records of this court), with respect to the occurrences of June 16, 1962. Such comparison fails to demonstrate, as defendant asserts, that Officer Demerjian was either mistaken or committed perjury.

subd. 2, provides for the dismissal of a criminal action when the defendant is not brought to trial within 60 days of the finding of the indictment, but it is well settled that the rights under this section may be waived. (*People* v. *Tahtinen*, 50 Cal.2d 127, 131 [323 P.2d 442].) In the instant case, defendant, while present with counsel, made no objection under section 1382 at the time of arraignment on October 15, nor on October 22 when he entered his plea, nor on October 26 when the trial date was set. The rule under such circumstances has been summarized in *People* v. *Wilson*, 60 Cal.2d 139, at page 146 [32 Cal.Rptr. 44, 383 P.2d 452] : ''A defendant's consent that his trial be set for a date beyond the limit prescribed 'is equivalent to a postponement upon his application' (*People* v. *Taylor* (1959) 52 Cal.2d 91, 93[1] [338 P.2d 337]) and hence constitutes a waiver of the right; and consent will be *presumed* if the defendant fails to take the necessary procedural steps of making timely objection to such delay and thereafter moving for dismissal (*id.* at p. 93[2]). The right to a speedy trial must therefore be asserted, if at all, in the court where the prosecution is pending, and prior to the commencement of trial (*People* v. *Newell* (1923) 192 Cal. 659, 669[5] [221 P. 622]). It is too late to raise the point for the first time on appeal. (*People* v. *Sylvia* (1960) 54 Cal.2d 115, 123[9] [4 Cal.Rptr. 509, 351 P.2d 781] ; *People* v. *Jordan* (1955) 45 Cal.2d 697, 708[16] [290 P.2d 484] ; *People* v. *Mitman* (1960) 184 Cal.App.2d 685, 689[1] [7 Cal.Rptr. 712].) ...''

Other possible grounds for reversal suggested by defendant's appointed counsel are not of sufficient importance to require consideration.

The judgment is affirmed.

Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 19, 1964.