[Crim. No. 90.   Fifth Dist.   Aug. 27, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. RAUL CASTRO HOLQUIN, Defendant and Appellant.

Jay W. Powell, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Edward A. Hinz, Jr., Deputy Attorney General, for Plaintiff and Respondent.

STONE, J.—Appellant was charged by an information with the crime of furnishing a narcotic, heroin, in violation of Health and Safety Code section 11501. He was convicted by a jury, and appeals from the judgment entered pursuant to the verdict of guilty.

A state narcotics agent operating in a Fresno bar told one Hernandez that he was looking for a spoon of heroin. Hernandez introduced him to appellant, who told the agent he knew a person from Mexicali who was in Fresno and had heroin for sale, but that it had to be cut first. He assured the agent that if they could meet the next morning he could get heroin for him.

The next morning the agent parked his car near the same bar, appellant appeared and after some conversation said he could purchase a spoon of heroin for the agent on a moment's notice. The agent told him to make the arrangements, whereupon appellant left for a time and returned

with a Mr. Young. Appellant told the agent that Young would sell him the paper if he would take Young to the place where he had the narcotics stashed. Pursuant to Young's directions, the agent drove them to an intersection where he parked the car and the agent agreed to purchase six papers of heroin from Young for $20. Young disappeared for about five minutes, returned and reentered the vehicle. He handed the agent six white paper bindles containing the heroin, for which the agent gave him $20. Appellant asked Young for his paper of heroin, to which Young replied that he had forgotten it.

Thereafter Young and appellant were arrested, Young charged with selling, appellant with furnishing, a narcotic. They were made codefendants in the information filed by the District Attorney and their cases were tried together.

Appellant first asserts the court erred by giving the following incomplete instruction: "In the illegal sale, furnishing, administering, or giving away of a narcotic, the accused must have knowledge of the narcotic character of the substance sold by him.

"The knowledge thus required by law may be shown by circumstantial evidence; it is manifested by the circumstances attending the act, the manner in which it is done, the means used, and the sound mind and discretion of the person committing the act."

The second paragraph of the instruction is clear enough and no objection is made to it, but it is patent the first paragraph is incomplete as it concludes by referring to "the substance sold by him," while appellant was charged with furnishing, not selling, a narcotic. However, the paragraph consists of a single sentence which specifies all of the acts enumerated by Health and Safety Code section 11501 that constitute an offense. The offense "furnishing," is mentioned at the beginning of the sentence and we doubt that failure to repeat the word "furnishing" at the end of the sentence confused or misled any juror to the disadvantage of appellant.

The challenged instruction must be measured from the viewpoint of the layman juror, and a person of ordinary intelligence, conscientiously wishing to fulfill his duty as a juror, could hardly be misled by the instruction. If he should be misled at all, it appears to us it would be to imply that before the juror should find appellant guilty of "furnishing" he would have to find appellant guilty also of selling the narcotic substance. Thus if the instruction can be said to

be unclear or confusing, it is so to the benefit of appellant, and certainly is not grounds for a reversal of the judgment.

The other instruction given by the court which appellant attacks as insufficient, advised the jury of the offense with which appellant was charged. Using the statutory language of Health and Safety Code section 11501, the instruction reads: "Every person who transports, imports into this State, sells, furnishes, administers or gives away, or offers to transport, import into this State, sell, furnish, administer or give away, or attempts to import into this State of [*sic*] transport any narcotic is guilty of a crime. Heroin is a narcotic."

It is significant that appellant made no request for amplification of either instruction. Commenting upon the failure of a defendant to request elaboration of instructions similar to the ones given here, the Supreme Court had this to say in *People* v. *Reed,* 38 Cal.2d 423, at page 430 [240 P.2d 590] :

"The court may couch its instructions defining the elements of the offense in the language of the code where no instructions in elaboration or exposition of the principles of the statutory definitions are requested by the defendant. [Citation.] Even if such an instruction 'cannot be commended as a full or clear exposition of the meaning of the section of the code, still it cannot be said that it was error for the court in giving the law to have conformed to the language of the code, and to have omitted what that code itself omits.' [Citation.] The defendant will not be heard to complain where he has failed to request an amplification of an instruction in that form."

The language of section 11501 pertinent to our case appeared in section 11500 prior to the 1961 amendments to the Health and Safety Code. Prior to the amendment a trial court instructed a jury using the language of the code and the appellant in that case raised the same question raised here. The appellate court answered the question thus in *People* v. *Brinson,* 191 Cal.App.2d 253, at page 259 [12 Cal. Rptr. 625] :

"The evidence in support of the indictment showed a clear case of an offer to sell a narcotic. The court instructed the jury substantially in the language of Health and Safety Code, section 11500, delineating this offense. No request for further definition was made. It has been held that the words of the statute in question are such that '[m]en of common intelligence do not have to guess at what it means.' [Citations.]

If appellant desired further instructions on the question, they should have been requested."

Appellant, rather incidentally, suggests that the specific intent to furnish a narcotic is an essential element of the crime of furnishing a narcotic. We think this is the most important question in the case and, since we have found no California authority on the question, we treat it as one of first impression. Respondent argues that of the crimes enumerated in Health and Safety Code section 11501, a specific intent must be proved only when a defendant is charged with a sale of narcotics or an offer to sell. (*People* v. *Brown*, 55 Cal.2d 64, 68 [9 Cal.Rptr. 816, 357 P.2d 1072]; *People* v. *Jackson*, 59 Cal.2d 468 [30 Cal.Rptr. 329, 381 P.2d 1].)

Before analyzing the elements of the offense with which appellant is charged we must necessarily determine the basic purpose of the statute from which the charge emanates, and its scope. ██ Clearly, Health and Safety Code section 11501 was enacted to prevent traffic in narcotics and to prevent a narcotic from getting into the hands of those having no right to possess it. To that end the section makes it a criminal offense to effect an illegal change of possession of a narcotic, regardless of the means used to accomplish the transfer. The section provides that: ". . . every person who transports, imports into this State, sells, furnishes, administers or gives away, or offers to transport, import into this State, sell, furnish, administer, or give away, or attempts to import into this State or transport any narcotic . . . shall be punished by imprisonment. . . ."

The language of the statute makes no distinction among the various means for change of possession; the crime is the same whether the transfer of a narcotic is accomplished by selling, furnishing, administering, or giving it away. Therefore the reasoning of the *Brown* and *Jackson* cases, *supra,* establishing that a specific intent to effect a change of possession of a narcotic upon a sale or offer to sell is an element of those crimes, applies with equal force to the crime of furnishing a narcotic.

Actually, a stronger argument can be made for requiring proof of specific intent in the crime of furnishing than in selling or offering to sell, since the defendant need not touch or have possession of either the narcotic or the money to be guilty of furnishing—as in this case. The possibility of an innocent person being convicted of furnishing a narcotic, upon circumstantial evidence arising from suspicious circum-

stances alone, is patent. No participation in the crime of delivering the material or receiving the consideration need be proved. No doubt a defendant may be a contact man, as here, who introduces the seller to the buyer, yet on the other hand he may be simply a person unfortunate enough to be in the presence of the buyer and seller when the transaction occurs. It is conceivable that he might unwittingly introduce a buyer to a seller.

We therefore conclude that a specific intent to furnish a narcotic is an essential element of the crime of furnishing as defined by Health and Safety Code section 11501. Instructions on general intent, which the court here gave, will not suffice where proof of a specific intent is an element of the crime charged. To give the general instructions ·without explanation or qualification in such circumstances constitutes error. (*People* v. *Zerillo,* 36 Cal.2d 222, 231-232 [223 P.2d 223].)

The question thus narrows to whether the error was so grave as to require a reversal of the judgment when the record is weighed in the light of Constitution article VI, section 4½. One test has been expressed thus: ''If it cannot be said that, under correct instructions, a different verdict would have been improbable, the erroneous ruling constitutes a miscarriage of justice, within the meaning of the constitutional provision.'' (*People* v. *Hamilton,* 33 Cal.2d 45, 51 [198 P.2d 873].)

An even more stringent rule, mentioned in *People* v. *Rogers,* 22 Cal.2d 787, 807 [141 P.2d 722], and recently cited by the Supreme Court in *People* v. *Robinson,* 61 Cal.2d 373, 395 [38 Cal.Rptr. 890, 392 P.2d 970], provides: ''Error in an instruction which ordinarily would not prejudice the rights of a defendant may justify a reversal of the judgment where the jury is misdirected or misled upon an issue vital to the defense and the evidence does not point unerringly to the guilt of the person accused.''

Under either test the evidence in this case does not justify a reversal. Appellant procured the seller at the request of the operator-buyer, he brought seller and buyer together, and he introduced the seller to the buyer. He was present in the automobile when the seller delivered the heroin to the buyer and the buyer paid the seller. Perhaps most telling of appellant's guilt was his request that seller give him a paper of heroin for arranging the transaction. The

seller, appellant's codefendant in the trial court, was convicted of making the sale.

We conclude that the evidence of defendant's guilt is so overwhelming that it is highly improbable that a verdict other than guilty would have been returned had the instruction on specific intent been given; this because the evidence points "unerringly" to appellant's guilt.

The judgment is affirmed.

Conley, P. J., concurred.