[Crim. No. 13903.   Second Dist., Div. Five.   Sept. 30, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. FRANCIS GURDON ROBINSON, Defendant and Appellant.

Morris T. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Plaintiff and Respondent.

STEPHENS, J.—Defendant was charged by information with violation of section 4530, subdivision (b) of the Penal Code (escape), a felony. Defendant pleaded not guilty and requested a jury trial. Defendant's motion for a mistrial during the selection of the jury based upon statements made by prospective jurors was denied. After a trial by jury, defendant was found guilty of violation of section 4530, subdivision (b) of the Penal Code. Probation was denied and defendant was sentenced to prison for the term prescribed by law, such sentence to run concurrently within the prior uncompleted sentence. Defendant appeals from the judgment of conviction rendered against him.

*Facts*

On November 18, 1966, defendant was confined to the California Men's Colony, West Facility, and was not transferred or released from that facility on that date. On that date, defendant was assigned to the National Guard crew which did the maintenance work at Camp San Luis Obispo. Officer Cecil H. Anderson was in charge of the crew and was responsible for returning the men to the facility at the end of each day.

On the above date, defendant Robinson was working for the refrigeration foreman, one Frederiksen, in Building 1203. Between 11 and 11:20 a.m., Frederiksen sent defendant to noon meal. Defendant finished his meal and was present for the official count at 11:45 a.m. Between 12:10 and 12:20, when defendant was due back at Building 1203, Frederiksen was unable to find him. Frederiksen did not give defendant permission to leave the job.

At 2 p.m., Officer Anderson made a mid-afternoon spot check and discovered that defendant was not present at his place of work. Officer Anderson commenced a search for defendant and notified control that defendant had escaped. Officer Anderson then assembled the entire crew for a count;

defendant was the only person missing. Defendant did not have permission to miss any counts or to leave the camp that day.

Defendant was not seen again by any of the prison officials until February 10, 1967, when Sergeant Donald L. Wray was sent to San Antonio, Texas to pick up defendant at the Bexar County jail. Sergeant Wray returned defendant to the California Men's Colony on February 11, 1967.

Defendant was not arraigned until March 1, 1967. During the interim, defendant was questioned on two occasions, and although he requested counsel, none was provided. On March 1, 1967, counsel for defendant was appointed, and continued as such until May 1, 1967, at which time, on defendant's motion to relieve counsel and to have different counsel appointed, new counsel was appointed. Defendant was ultimately tried on May 25, 1967, a period in excess of 90 days from the date he was returned to prison.

## Issues

Defendant's first contention on this appeal is that he was denied the right to counsel before arraignment, the right to be taken before a magistrate without undue delay, and the right to a speedy trial.

We can dismiss at the outset the contention that defendant was denied the right to a speedy trial. It is axiomatic that matters not raised at trial cannot be urged for the first time on appeal. (*People* v. *Murray* (1967) 247 Cal.App. 2d 730 [56 Cal.Rptr. 21]; *People* v. *Roberts* (1961) 197 Cal. App.2d 354 [17 Cal.Rptr. 162].) At no time did defendant object to the date of his trial being set in excess of the 90-day period prescribed by statute. Speedy trial rights may be waived. (*People* v. *Wilson* (1963) 60 Cal.2d 139 [32 Cal.Rptr. 44, 383 P.2d 452].) Thus, where a case is set for trial, as in the present case, in the presence of the defendant *and his counsel*, and no objection is made to the date being beyond the statutory period, the objection is deemed waived. (*In re Smiley* (1967) 66 Cal.2d 606, 631 [58 Cal.Rptr. 579, 427 P.2d 179]; *Dulsky* v. *Municipal Court* (1966) 242 Cal.App.2d 288, 291 [51 Cal.Rptr. 381]; *People* v. *Garcia* (1963) 222 Cal.App. 2d 755, 759 [35 Cal.Rptr. 443]; *People* v. *Baker* (1958) 164 Cal.App.2d 99, 103 [330 P.2d 240]; *People* v. *Anderson* (1954) 126 Cal.App.2d 702, 704 [272 P.2d 805].)

Furthermore, section 1381 of the Penal Code, while affording a defendant the right to be brought to trial within 90 days, conditions such right upon a written request by the

defendant. No request was made in the instant case, and there is no showing in the record that either defendant or his attorney was ignorant of the necessity for such request. A prisoner in the position of defendant must make the demand that the People proceed to trial before he can complain. (*Osmulski* v. *Superior Court* (1959) 169 Cal.App.2d 444, 445 [337 P.2d 520].)

As stated in Witkin, California Criminal Procedure (1963) Trial, section 314 (p. 308) : "The right only arises on written demand; if none is made there is no limit on the time of trial." In *People* v. *Hernandez* (1967) 250 Cal.App.2d 842, 848-849 [58 Cal.Rptr. 835], the court, on similar facts to those in the present case, stated : "Penal Code, section 1381, deals with a situation such as appellant's, namely, of having a criminal charged filed against him while he was serving a term in prison. He had a right to have the charge brought to trial in 90 days after written notice to the district attorney of his desire. . . . The time starts to run when a defendant delivers his demand to the district attorney. Appellant here made no written demand in conformity with the law made and provided for persons in his category. His only right to a speedy trial is that which arises after written notice under Penal Code, section 1381." In the *Hernandez* case, there was a delay of almost seven months.

The statutory requirement that a demand be made does not violate due process, nor is such provision in conflict with the constitutional guarantee of a speedy trial.[1] As stated by the court in *People* v. *Godlewski* (1943) 22 Cal.2d 677, 684 [140 P.2d 381] : "We find nothing unreasonable in the requirement for a demand. It does not abrogate the constitutional guarantee. It is merely regulatory of it. Persons already incarcerated in prison will not suffer imprisonment during delay." And in *People* v. *Aguirre* (1960) 181 Cal.App.2d 577 [5 Cal.Rptr. 477] (which involved a prisoner at San Quentin) it was held that a delay of one year between the commission of the offense and the issuance of the indictment was not a violation of due process or of article I, section 13 of the state Constitution since the rights of a person in custody to a speedy trial were governed by section 1381 of the Penal Code. (See also *People* v. *Ragsdale* (1960) 177 Cal.App.2d 676 [2 Cal.Rptr. 640].)

As the record here indicates that at all times defendant

---

[1] Cal. Const., art. I, § 13.

was a prisoner and *in custodia legis,* he was not "arrested" within the meaning of Penal Code sections 821, 825 and 851.5. (*People* v. *Graham* (1961) 198 Cal.App.2d 617, 621 [18 Cal. Rptr. 134]; *People* v. *Goss* (1961) 193 Cal.App.2d 720, 724 [14 Cal.Rptr. 569].) Since defendant's rights were governed solely by section 1381 of the Penal Code, his contention that he was denied the right to be taken before a magistrate without undue delay is also without merit. This argument was expressly considered and rejected in *People* v. *Garmon* (1960) 177 Cal.App.2d 301, 302-303 [2 Cal.Rptr. 60], wherein the court stated: "Defendant's argument in support of his first contention appears to be that the authorities failed to comply with sections 821, 825 828 and 850 of the Penal Code. In this he has completely misconceived his position. . . . None of these sections are applicable to defendant or to the situation in which he has placed himself. The record shows without conflict that from the 5th of March, the day of his escape, to the 15th of March, the day he was apprehended, and until April 13 when he was brought before a magistrate and arraigned on the charge of escape, defendant was an inmate of the Folsom State Prison serving a term of imprisonment pursuant to a legal commitment. As such his rights were governed by section 1381 of the Penal Code and not the sections upon which he has placed reliance." It is evident from the record that defendant was not within the scope of protection afforded by the statutory provisions on which he now seeks to rely.

That a defendant has the right to counsel at all stages of the proceedings against him is not open to question. (*Miranda* v. *Arizona* (1965) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]; *In re Smiley* (1967) 66 Cal.2d 606 [58 Cal.Rptr. 579, 427 P.2d 179]; *In re Johnson* (1965) 62 Cal.2d 325 [42 Cal.Rptr. 228, 398 P.2d 420].) In the present case, defendant testified that he was twice interrogated during the 18-day period between the time of his return to confinement and his subsequent arraignment, and although he requested counsel on both occasions, counsel was not furnished. But defendant further testified that he refused to cooperate, and there is no evidence that any statements regarding the offense were elicited from him.

Counsel was furnished to defendant at the time of his arraignment, and he was subsequently represented at both the preliminary examination and at trial. Even though we accept defendant's evidence in this respect in full, there is no show-

ing in the evidence from which any court could reasonably conclude that the alleged deprivation of counsel militated against defendant at his trial or in any way caused an unfair trial. It is clear that defendant was accorded a full and fair trial, and that he had an attorney in ample time to prepare for trial. (*People* v. *Hightower* (1961) 189 Cal.App.2d 309, 313 [11 Cal.Rptr. 198] ; see also *People* v. *Crooker* (1956) 47 Cal.2d 348 [303 P.2d 753].) We are convinced beyond a reasonable doubt that defendant was not prejudiced by lack of counsel during the period prior to his arraignment. (*Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824].)

█ Defendant also contends that prejudicial error was injected into his trial by the remarks of prospective jurors during their *voir dire* examination. Specifically, one juror commented that she had served on a previous case involving the Men's Colony where defendant was incarcerated. On being questioned as to whether that charge also involved an escape, the juror responded that it was not an escape, but instead involved homosexuals.

Defendant's theory on appeal is that the remark tended to connect him with homosexual activities and thereby degraded him in the eyes of the jurors who ultimately tried the case. It is difficult to perceive the tenuous connection which defendant suggests is present, particularly where the juror made it clear that the previous case was not in any way related to the charge against this defendant. Furthermore, defense counsel on *voir dire* never even attempted to establish that a tainted connection existed. Lastly, it is significant to note that it was the prosecution and not the defense that peremptorily challenged this juror, and this was done at a time when defense counsel had available to him one further peremptory challenge.

Another juror on *voir dire* indicated that he was acquainted with an official at the Men's Colony and had had a conversation with him about an escape involving the taking of a truck, but that he did not know the name of the escaped prisoner or when the escape had taken place. This juror was dismissed on the court's own motion. Nevertheless, defendant contends that this prejudiced him before the eyes of the jurors in that it tended to indicate that he was guilty of the theft of a truck. Again, the connection is so tenuous as to be imperceptible.

We are of the opinion that the trial court properly denied

defendant's motion for a mistrial based upon the *voir dire* of the jury.. In such matters, the trial court is vested with wide discretion in the exercise of its judgment. It cannot be said that such discretion was abused in the present case. (*People* v. *Craig* (1925) 196 Cal.19 [235 P. 721]; accord, *People* v. *Eudy* (1938) 12 Cal.2d 41 [82 P.2d 359]; *People* v. *Daugherty* (1956) 47 Cal.2d 362 [303 P.2d 730].)

It is sufficient if the jury as finally constituted evinces its ability and willingness to act impartially upon the matter to be submitted to it. (*People* v. *Parker* (1965) 235 Cal.App.2d 100 [44 Cal.Rptr. 909]; *People* v. *Deriso* (1963) 222 Cal.App. 2d 478 [35 Cal.Rptr. 134].)

It is inconceivable in view of the overwhelming weight of the evidence in the present case that defendant was prejudiced by such remarks.

■ Defendant's final contention is that the trial court erred in failing to instruct the jury on what constitutes escape. This argument is without merit, and can be dealt with summarily. Instruction as to the meaning of commonly understood words is not required. (*People* v. *Sanderson* (1961) 190 Cal.App.2d 720 [12 Cal.Rptr. 69].) Where, as in the present case, the trial court has fully and adequately instructed the jury on the elements of the offense, and has couched such instructions in the terms of the applicable code section, defendant cannot on appeal complain of the court's failure to define words of ordinary meaning where no request for such instruction was made. (*People* v. *Failla* (1966) 64 Cal.2d 560 [51 Cal.Rptr. 103, 414 P.2d 39]; *People* v. *Holquin* (1964) 229 Cal.App.2d 398 [40 Cal.Rptr. 364]; *People* v. *Shannon* (1957) 147 Cal.App.2d 300 [305 P.2d 101].)

A review of the entire record shows that defendant was accorded a full and fair trial, and no prejudicial error occurred.

The judgment is affirmed.

Kaus, P. J., and Drucker, J. pro tem.,* concurred.

*Assigned by the Chairman of the Judicial Council.