**Edik Rodyn Godinez RODRIGUEZ; Evely Mishelle Godinez, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72687.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 2004.*

Decided March 16, 2004.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suit-

Edik Rodyn Godinez Rodriguez, Eveli Mishelle Godinez, Santee, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, James R. Grimes, Esq., Kurt B. Larson, Christine A. Bither, Esq., Washington, DC, for Respondent.

Before: SILVERMAN, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Petitioners Edik R. Godinez Rodriguez and Evely M. Godinez ("Petitioners"), natives and citizens of Guatemala, petition pro se for review of the Board of Immigration Appeal's ("BIA's") dismissal of their appeal from the Immigration Judge's ("IJ's") denial of their cancellation of removal application and their alternative request for voluntary departure.[1] Because the BIA determined that Petitioners' welfare fraud conviction involved a crime of moral turpitude, it concluded that Petitioners lacked good moral character and that they were thus statutorily ineligible for cancellation of removal. The BIA also concluded that Petitioners were not eligible for voluntary departure because they had neither the funds nor the travel documents required to return to Guatemala.

In 1996, two years before removal proceedings were instituted against them, petitioners pleaded guilty to violating two California statutes in connection with their

---

able for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Petitioners do not contest the IJ's denial of their request for asylum, withholding of removal, and relief under the Convention Against Torture.

receipt of welfare benefits to which they were not entitled. First, they were convicted of fraud in violation of California Welfare and Institutions Code § 10980(c)(2), which stated,

> (c) Whenever any person has, by means of false statement or representation or by impersonation of other fraudulent device, obtained or retained aid under the provisions of this division for himself or herself or for a child not in fact entitled thereto, the person obtaining this aid shall be punished as follows:
>
> . . . .
>
> (2) [Penalty] If the total amount of the aid obtained or retained is more than four hundred dollars ($400), by imprisonment in the state prison for a period of 16 months, two years, or three years, a fine of not more than five thousand dollars ($5,000), or by both imprisonment and fine; or by imprisonment in the county jail for a period of not more than one year, or a fine of not more than one thousand dollars ($1,000), or by both imprisonment and fine.

Second, Petitioners were convicted of perjury in violation of Cal. Pen.Code § 118, which states, in relevant part,

> (a) Every person who, having taken an oath that he or she will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which the oath may by law of the State of California be administered, willfully and contrary to the oath, states as true any material matter which he or she knows to be false, and every person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which the testimony, declarations, depositions, or certification is permitted by law of the State of California under penalty of perjury and willfully states as true any material matter which he or she knows to be false, is guilty of perjury.[2]

The expressed basis for Petitioners' guilty plea was that they "knowingly received public assistance in an amount over $400.00 while employed and failed to report earnings to the Department of Social Services."

\* \* \* \* \* \*

Petitioners seek relief under 8 U.S.C. § 1229b(b), which requires that deportable or inadmissible aliens establish, *inter alia,* that they have been persons of good moral character for the ten-year period in which they were required to have been physically present in the United States. *See* 8 U.S.C. § 1101(f)(3) (no person may be found to have good moral character who has been convicted of a crime listed in 8 U.S.C. § 1182(a)); 8 U.S.C. 1182(a)(2)(A)(i)(I) (a crime involving moral turpitude renders an alien ineligible to be admitted to the United States).

Whether a statute defines a crime involving moral turpitude is a question of law that we review de novo. *United States v. Yin,* 935 F.2d 990, 1003 (9th Cir.1991). In assessing whether a crime involves moral turpitude, we consider the elements of the crime as set forth in the relevant statute, rather than the conduct of the alien that led to the conviction. *Gonzalez–Alvarado v. INS,* 39 F.3d 245, 246 (9th Cir.1994) (per curium).

The California Court of Appeals in *People v. Ochoa,* 231 Cal.App.3d 1413, 1420, 282 Cal.Rptr. 805 (Cal.Ct.App.1991) laid

---

**2.** Neither the IJ nor the BIA considered whether Petitioners' perjury conviction was a crime of moral turpitude sufficient to preclude a finding of good moral character. Because our decision to deny relief rests on the welfare fraud conviction, we need not consider whether the perjury conviction would have similarly barred relief.

out the elements of the crime at the heart of Petitioners' case:

> We read the unambiguous language of the statute [Cal. WIC § 10980(c)(2)] as setting forth three elements which comprise the crime of welfare fraud: (1) false statement or representation, impersonation or other fraudulent device; (2) which statement, representation, impersonation or other device results in the obtaining or retention of aid under division 9 of the Welfare and Institutions Code; and (3) which aid was obtained for or retained by one not in fact entitled thereto.

Petitioners allege that because the California statute under which they were convicted lacked an intent to deceive as a requisite element of the crime, we are constrained by our precedent not to conclude that their crime involved moral turpitude. *See Hirsch v. INS*, 308 F.2d 562, 567 (9th Cir.1962) ("[a] crime that does not necessarily involve evil intent, such as intent to defraud, is not necessarily a crime involving moral turpitude."); *see also In re Zangwill* 18 I & N Dec. 22 (BIA 1981) (holding that an alien convicted of the crime of issuing worthless checks is not convicted of crime involving moral turpitude because intent to defraud is not an essential element of crime), *overruled on other grounds by In re Ozkok*, 19 I & N Dec. 546 (BIA 1988).

However, this argument fails for two reasons. First, in *Ochoa*, the Court of Appeal of California noted that:

> A requirement that the false statement or representation be made

knowingly or with intent to deceive or defraud appears to be an element of the crime described in *Welfare and Institutions Code section 10980*, subdivision (c) (see *People v. Camillo* (1988), 198 Cal.App.3d 981, 989, fn. 3, 244 Cal.Rptr. 286; *People v. Faubus* (1975), 48 Cal.App.3d 1, 5, 121 Cal. Rptr. 167), but because the necessary mental state was not raised as an issue on appeal, we have no reason to so hold.

231 Cal.App.3d at 1420 n. 1, 282 Cal.Rptr. 805. The California courts had thus construed the relevant statute as embodying a scienter element.[3] Second, Petitioners' guilty plea on its face employs scienter language. The California statute in question covers false statements, impersonations, or fraudulent devices. The latter two clearly involve an intent to deceive. To the extent that Petitioners argue it was possible that they were convicted of using a "false statement" *without* evincing fraudulent intent, their argument is foreclosed by the very language of their plea agreement, which stated that they "knowingly received public assistance in an amount over $400.00 while employed and failed to report earnings to the Department of Social Services."

We hold that the BIA properly concluded that Petitioners' conviction under California Welfare and Institutions Code § 10980(c)(2) constituted a crime of "moral turpitude" within the meaning of 8 U.S.C. 1101(f)(3).[4]

\*   \*   \*   \*   \*   \*

---

3. The statute has since been amended expressly to include a scienter element.

4. Additionally, our holding is consistent with the BIA's reliance on the Supreme Court case *Jordan v. De George*, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951), which noted that:

> In every deportation case where fraud has been proved, federal courts have held that the crime in issue involved moral turpitude. This has been true in a variety of situations involving fraudulent conduct: obtaining goods under fraudulent pretenses; conspiracy to defraud by deceit and falsehood; forgery with intent to defraud; using the

Petitioners also appeal the BIA's denial of their request for voluntary departure, but we lack jurisdiction to review that discretionary decision. Pursuant to 8 U.S.C. § 1229c(f), we may not review a discretionary decision on voluntary departure. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003) (holding that we lack jurisdiction to review an appeal of a denial of voluntary departure).

PETITION DENIED.

mails to defraud; execution of chattel mortgage with intent to defraud; concealing assets in bankruptcy; issuing checks with intent to defraud. In the state courts, crimes involving fraud have universally been held to involve moral turpitude.

*Id.* at 228–29, 71 S.Ct. 703 (citations omitted). Our precedent also supports the view stated in *Jordan. See, e.g., Gonzalez–Alvarado v. INS,* 39 F.3d 245, 246 (9th Cir.1994) ("Typically, crimes of moral turpitude involve fraud."); *Burr v. INS,* 350 F.2d 87, 91 (9th Cir.1965) ("Crimes in which fraud is an ingredient have always been regarded as involving moral turpitude.")