Filed 3/4/26  The Law Offices of Danny Soong v. Aranda CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE LAW OFFICES OF DANNY SOONG, APC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MIGUEL ARANDA,<br><br>　　　　Defendant and Appellant;<br><br>SOUTHERN CALIFORNIA INJURY TREATMENT CENTER,<br><br>　　　　Defendant and Respondent. | E083947<br><br>(Super.Ct.No. CIVSB2216528)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Khymberli S.Y. Apaloo, Judge.  Affirmed.

No appearance for Plaintiff.

Miguel Aranda, in pro. per., for Defendant and Appellant.

Nesbit Law Group US and Alan Nesbit for Defendant and Respondent.

1

Defendant and appellant Miguel Aranda files this appeal in regard to an interpleader action. Aranda was involved in a hit and run accident, and hired plaintiff Danny Soong of The Law Office of Danny Soong, APC (Soong), to represent him in an action against State Farm Insurance Company. During the case, Aranda was seen by defendant and respondent Southern California Injury Treatment Center (Center) and incurred bills totaling $36,850. Soong was able to settle the case with State Farm Insurance Company for $45,000. From that amount, Soong took his fees and negotiated with other medical providers to pay them for the services provided to Aranda at a reduced cost. After these payments, the settlement funds remaining totaled $23,427.50. Soong tried to settle with Center for an amount less than what was owed by Aranda. Center declined and Soong filed an interpleader action to obtain a determination as to the proper distribution of the remaining settlement funds. Trial was set for December 19, 2023, but was continued due to the trial court's unavailability. On the continued trial date, Aranda was not present. Soong, which was present but was no longer representing Aranda, requested a continuance on behalf of Aranda. The trial court refused the continuance and, after hearing evidence and argument, found in favor of Center in the amount of $23,427.50.

Aranda claims on appeal that he was never served with the notice that the trial was continued from the December 19, 2023, date. He further contends the trial court erred and violated his rights to due process by denying Soong's request made on his behalf to continue the trial date and that the parties would not have been prejudiced by a short continuance.

2

# FACTUAL AND PROCEDURAL HISTORY

## A.    INTERPLEADER ACTION

On August 2, 2022, Soong filed a complaint for interpleader (complaint) naming Aranda and Center as defendants. According to the complaint, on October 3, 2016, Aranda was driving his car when he was sideswiped by another car that then left the scene. Aranda retained Soong to represent him in an uninsured motorist claim against his insurance company, State Farm Insurance Company. Aranda received chiropractic care and underwent MRI scans at several separate facilities. He was sent to Center for pain management treatments. The total bills from Center for his treatment were $36,850. Soong reached a settlement agreement with State Farm Insurance Company in the amount of $45,000. Soong reached agreements for payment for his chiropractic care and MRI scans, and paid these facilities a total of $4,500 from the settlement funds. Soong took his attorney fees and other fees totaling $17,172.50. Soong made several offers to Center for payment for less than the $36,850 but Center refused the offers. Soong sought a determination by the trial court as to the distribution of the remaining $23,427.50 of settlement funds.

Center filed an answer to the complaint on April 4, 2023. Center contended that it was entitled to the full amount of $36,850 plus interest for the medical care provided to Aranda. Center provided a copy of a doctor's lien and release of medical documents signed by Aranda. It included language that authorized Soong to pay Center directly any settlement funds for medical care received by Soong in relation to his personal injury case. It also included language that, "I understand that I am directly responsible for the

3

said medicals and for all medical bills incurred for services dated 10/4/16 to 10/4/18 regardless of the outcome of the case." Center also attached the bills for medical care provided.

On December 14, 2023, Aranda filed an answer. He alleged that he was entitled to the full judgment. He alleged as defenses that some of the defendants acted in bad faith by charging too much and that the medical companies understood they may have to take less than charged.

The matter was called for trial on December 19, 2023. Soong and counsel for Center were present. Aranda was not present. The matter was continued to January 11, 2024, due to the trial court being unavailable to conduct the trial. The superior court clerk served Aranda with the minute order reflecting the continuance date of the trial at his address in Arizona.

B.    TRIAL

The matter was called for trial on January 11, 2024. Soong and counsel for Center were present. Aranda was not present. Soong represented to the trial court that Aranda worked in Arizona and was unable to make the trial date. He stated, "So he's requested that the trial be continued on a day that he can appear." The trial court responded, "No. I've already continued this and we made a day and today was the day that we had to all turn ourselves into a pretzel." Soong responded that the trial court had unilaterally continued the trial date without input from Aranda, who was not present at the hearing on December 19, 2023, when the matter was continued.

4

The trial court then discussed that the matter had been continued already and that all defendants were to serve answers by December 14, 2023, which the trial court noted had occurred. Counsel for Center stated it had not been served with the answer filed by Aranda. The trial court asked why Center had not been served. Soong responded, "Yeah that's—that's Mr. Aranda—Mr. Aranda is representing himself in pro per." The trial court asked, "So then how can you ask for a continuance on his behalf if he's self represented?" Soong responded, ". . . he's still a former client of mine." The trial court stated that he had no right to represent Aranda and Soong confirmed he was not representing Aranda.

The trial court stated, "He filed in pro per and he's not here today. On his own trial date, he did nothing to ask for a continuance of today's hearing . . . he did none of that." The trial court believed that Soong had no interest in the matter; the dispute was between Aranda and Center. Soong stated that he had an interest in that "technically" he is still my client. Counsel for Center stated that Soong now had a conflict of interest. Soong stated, ". . . my office represented him on the Miguel Aranda versus State Farm matter, and these are proceeds that were obtained as part of that settlement." Soong insisted that he had an interest in helping Aranda as a former client. He stated that although he was not representing Aranda, he was "relaying" to the trial court Aranda's availability and Aranda's request to continue the trial date so he could be present.

The trial court noted that Soong had filed the interpleader action to determine who should be given the settlement funds. Once that was done, it was a dispute between Center and Aranda. The trial court did not believe that Soong could cross-examine any

5

witnesses. Soong stated that this made it even more compelling that the matter be continued so Aranda could be present.

The trial court noted that notice of the continuance had been given by the court to Aranda and confirmed with court staff that service had been performed on Aranda. Since Aranda had been given notice, the trial court intended to proceed and denied the continuance.

Center asked that the answer filed by Aranda be stricken, which was denied by the trial court. Center then argued its case that it was the sole lienholder and the money should be distributed to it for the medical care provided to Aranda. Soong was allowed to argue that it would not be equitable to distribute the entire remaining settlement funds to Center. Aranda was the person hurt and deserved the compensation. Center provided the testimony of Dr. Isaac Riveroy. Riveroy managed Center. Aranda signed a document that stated he understood he was responsible for the medical bills incurred by him at Center regardless of the outcome of the case. Center argued that it was entitled to the full amount of its medical bills and that the trial court should award it the remaining $23,427.50 settlement funds.

The trial court then reviewed the answer filed by Aranda. Aranda had only alleged that he was a resident of Arizona, that he was in an accident and that he retained an attorney. He made no other claim as to how he was entitled to the settlement money. The trial court also noted that Aranda never served the answer on Center. After hearing argument, the trial court took the matter under submission.

The trial court filed its ruling on January 30, 2024. The trial court recounted the facts and that only Aranda and Center had filed answers in the interpleader action. Aranda's answer was not timely filed and he never served Soong or Center. Further, in the answer, Aranda only admitted that he had an accident and that he was represented by Soong. He set forth no facts as to why he may be entitled to the settlement funds. As for the denial of the continuance, Aranda had known about the date of the trial for one month and never requested a continuance. The request for a continuance came on the date of trial by Soong, who no longer represented Aranda.

The trial court concluded that based on Aranda not serving his answer on Center, the fact that the answer pleaded no factual basis to support that he was entitled to the settlement funds, and based on the uncontroverted evidence that Center treated Aranda and had not been paid, Center was entitled to the entirety of the remaining settlement funds.

The judgment was filed on March 13, 2024. Center was awarded $23,427.50. Aranda filed his notice of appeal on April 12, 2024.

## DISCUSSION

Aranda claims on appeal that he was never served with the notice that the trial was continued to January 11, 2024. He further contends the trial court erred and violated his rights to due process by denying Soong's request made on his behalf to continue the trial date.

## A.    SERVICE

"In superior courts either party may bring an issue to trial . . . in the absence of the adverse party . . . ; provided, however, if the issue to be tried is an issue of fact, proof shall first be made to the satisfaction of the court that the adverse party has had 15 days' notice of such trial . . . as specified in subdivision (b)."  (Code of Civ. Proc., § 594, subd. (a).)  "The notice to the adverse party required by subdivision (a) shall be served by mail on all the parties by the clerk of the court not less than 20 days prior to the date set for trial."  (Code of Civ. Proc., § 594, subd. (b).)  " 'Where the defendant who has answered fails to appear for trial "the plaintiff's sole remedy is to move the court to proceed with the trial and introduce whatever testimony there may be to sustain the plaintiff's cause of action." ' "  (*Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, 863.)

Aranda contends he was never served with the notice that the trial had been continued to January 11, 2024.  He insists there is a dispute as to whether he received notice based on the register of actions stating only Soong and counsel for Center being served by the clerk of the superior court.  Based on the augmented record provided by Center, the clerk of the superior court sent him notice by mail to his Arizona address that the matter was continued to January 11, 2024, which was more than 20 days prior to the continued trial date.  The proof of service, executed under penalty of perjury, is clear evidence that Aranda was served prior to the continuance in accordance with Code of Civil Procedure section 594.  While the register of actions only shows that Soong and counsel for Center were mailed the notice, the proof of service confirms it was also mailed to Aranda and controls.  Moreover, the trial court confirmed at the hearing that the

8

clerk of the court sent the minute order reflecting the continuance to Aranda. The record clearly supports that Aranda was served with the notice of the continuance and failed to appear at the time of trial. The trial court properly proceeded to trial in his absence.

B.     CONTINUANCE

Aranda insists the trial court erred by denying the oral request made by Soong to continue the trial date.

"Continuances are granted only on an affirmative showing of good cause requiring a continuance. [Citations.] Reviewing courts must uphold a trial court's choice not to grant a continuance unless the court has abused its discretion in so doing." (*In re Marriage of Falcone* (2008) 164 Cal.App.4th 814, 823.) A "defendant is not entitled to have his case presented in court both by himself and by counsel acting at the same time or alternating at defendant's pleasure." (*People v. Aguirre* (1960) 181 Cal.App.2d 577, 582, italics omitted.)

Aranda was not present in court on January 11, 2024, the date for trial. Soong was present but advised the trial court he was no longer representing Aranda. Soong asked that the trial be continued on behalf of Aranda despite not representing him. The trial court could properly deny Soong's request to continue the trial on Aranda's behalf as Aranda had chosen to proceed in pro. per. and could not have counsel argue the request on his behalf.

Aranda insists he did not have enough time to submit a motion for a continuance on his own between December 19, 2023, until January 11, 2024. This issue has been forfeited based on Aranda failing to provide any legal authority to support this claim.

(*United Grand Corp. v. Malibu Hillbillies, LLC,* (2019) 36 Cal.App.5th 142, 146.) Further, it lacks merit as a motion for a continuance could have been brought any time that is "reasonably practical once the necessity for the continuance is discovered." (Cal. Rules of Court, rule 3.1332 (b).) Even if this court were to accept the statement by Aranda made in the reply brief that he did not have knowledge of the continued trial until one or two days prior to trial, he could have made a request for a continuance prior to the trial date. He failed to file such request. The trial court properly denied the request made by Soong to continue the trial.

## DISPOSITION

The trial court's order is affirmed. As the prevailing party, respondent is awarded costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)[1]

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

CODRINGTON
J.

---

[1] Center makes a statement that the costs should be paid by Soong as he was "running this appeal for Appellant." We reject such conclusory statement and order costs paid by Aranda.